FILED
U.S. DISTRICT COURT
SOUTHERN DIV.

2007 APR 13 PM 1:20

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MELANIE HIGHSMITH,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　 )　　CASE NO.: CV506-99
　　　　　　　　　　　　　　　　　　　)　　　　　　　　 CV507-04
ROBERT THOMAS, Individually　　　　 )
and as Sheriff of Brantley　　　　　)
County, Georgia,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

## O R D E R

Before the Court is Plaintiff Melanie Highsmith's Motion to Reinstate Civil Action No. 5:06-CV-99. (Doc. 6/9.) After careful consideration, Plaintiff's motion is **GRANTED**.

### BACKGROUND

On November 20, 2006, Plaintiff Melanie Highsmith filed a Complaint pursuant to 42 U.S.C. § 1983 against Sheriff Robert Thomas alleging denial of proper medical care while she was detained at the county jail (the Original Action). Highsmith v. Thomas, CV506-99. The Original Action was filed shortly before the running of the two-year statute of limitations, which was due to expire on

December 1, 2006.[1] In an effort to effect service of process, Plaintiff's counsel obtained an address for Defendant through computer research and sent service papers "by mail."[2] After about thirty days, Plaintiff's counsel contacted Defendant's attorney to advise him of the lawsuit and the possibility of default.[3] At this time, Plaintiff's counsel learned that Defendant had not been served with process and that he did not reside at the address given by the computer listing.

After learning that Defendant had not been served with process, Plaintiff's counsel enlisted a process server in order to effect personal service. However, on January 3, 2007, before Defendant had been served, Plaintiff voluntarily dismissed the Original Action by filing a Notice of Voluntary Dismissal with the Court. One week

---

[1] Claims pursuant to § 1983 borrow the state statute of limitations for personal injury actions. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Therefore, Georgia's two-year limit on bringing personal injury actions applies. O.C.G.A. § 9-3-33.

[2] Plaintiff does not indicate whether this was a request for waiver of service pursuant to Rule 4(d), which is properly sent by mail. See Fed. R. Civ. P. 4(d).

[3] In Brantley County, any lawsuit against the county or a county employee is transmitted through the County Clerk. Because Plaintiff's mother, Dale Halligan, serves as County Clerk, Plaintiff was concerned that a default by Defendant could result in repercussions for her mother. Plaintiff's counsel was concerned about the possibility of default because Defendant had recently defaulted in a similar case, Johnny Ray Bennett v. Robert Thomas, CV506-09 (S.D. Ga.).

later, on January 11, 2007, Plaintiff refiled an identical Complaint (the Second Action). Highsmith v. Thomas, CV507-04. Defendant was personally served with process in the Second Action on January 26, 2007.

Defendant filed a Pre-Answer Motion to Dismiss in the Second Action on February 2, 2007, contending that Plaintiff's claims were barred by the statute of limitations. Plaintiff did not respond.[4] Because the motion was unopposed, it was granted by the Court in a brief Order that did not consider the limitations issue raised by Defendant. See Local Rule 7.5. The Second Action was dismissed on March 12, 2007.

In the instant motion, Plaintiff does not seek reconsideration of the Court's Order dismissing the Second Action. Instead, Plaintiff asks this Court to reinstate the Original Action on the grounds of excusable neglect pursuant to Federal Rule of Civil Procedure 60(b).

**ANALYSIS**

The Georgia renewal statute, O.C.G.A. § 9-2-61, applies to § 1983 actions in federal court. Scott v. Muscogee County, 949 F.2d 1122, 1123 (11th Cir. 1992). The

---

[4] Plaintiff's counsel maintains that he did not receive a copy of the Motion to Dismiss, and was unaware that such a motion was pending until after the motion had been granted by the Court.

renewal statute provides that the statute of limitations is satisfied if a plaintiff files a valid action within the limitations period, that action is later dismissed, and the plaintiff files a new action (that would otherwise be time-barred) within six months of the dismissal. O.C.G.A. § 9-2-61. But, "[i]t is well settled in Georgia law that in order for a case to qualify as a renewal action, the earlier filed suit must have been a valid action <u>with proper service on the defendant</u>." <u>Black v. Knight</u>, 231 Ga. App. 820, 821, 499 S.E.2d 69 (1998)(emphasis in original). Therefore, where service is not perfected in the original suit, a plaintiff cannot voluntarily dismiss and renew after the running of the statute of limitations. <u>Stephens v. Shields</u>, 271 Ga. App. 141, 142, 608 S.E.2d 736 (2004).

In the instant case, Plaintiff voluntarily dismissed the Original Action without perfecting service on Defendant. Because Plaintiff did not properly serve Defendant prior to dismissal, the Original Action was not valid and the renewal statute would not be applicable. Therefore, the Second Action was barred by the applicable statute of limitations.

For this reason, Plaintiff seeks reinstatement of the Original Action on the grounds of excusable neglect. Under Federal Rule of Civil Procedure 60(b), "On motion and upon

4

such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for. . .(1) mistake, inadvertence, surprise, or excusable neglect." The Supreme Court has explained that the determination of excusable neglect is an "equitable one" which should take into consideration all relevant circumstances surrounding a party's omission. Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)(holding that a creditor's filing of a proof of claim 20 days late constituted excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b)(1) where plaintiff had demonstrated good faith and a lack of prejudice to the debtor). A court should consider "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.

In the instant case, Plaintiff has demonstrated adequate grounds for relief under Rule 60(b). Although Plaintiff's counsel failed to serve Defendant in the Original Action prior to the voluntary dismissal, he ensured that Defendant's counsel received actual notice of

the action within a reasonable period of time – through a telephone call in December of 2006. Further, Defendant was personally served with process in the Second Action on January 11, 2007 – 67 days after the Original Action was filed. Had this service been in the Original Action, it would have been within the 120-day time period for service set forth by Federal Rule 4(m).[5]

Because Defendant received timely notice and actual service, reinstatement results in no undue prejudice to Defendant. The inartful service and renewal practice has caused only a minor delay in these proceedings and results in no additional impact or burden on judicial resources. Finally, there is no suggestion of bad faith on the part of Plaintiff or her counsel. Under these circumstances, it is within the discretion of this Court to provide relief from an "innocent oversight by counsel." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996)(Plaintiff's failure to file demand for trial within 30 days after issuance of arbitration award, as required by local rule, was the result of "excusable neglect" when request was only six days late, defendant was not

---

[5] The 120-day time period for service set by Rule 4(m) applies to § 1983 actions in federal court. Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007); Tillman v. Ga., 466 F. Supp. 2d 1311, 1316 (S.D. Ga. 2006).

prejudiced, reason for delay was miscommunication by counsel, and there was no bad faith on part of plaintiff); see also Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1202 (11th Cir. 1999)(plaintiff was entitled to relief from dismissal when attorney's untimely response to motion to dismiss was an innocent oversight caused by former secretary's failure to record applicable deadline).

Accordingly, Plaintiff's Motion for Reinstatement is **GRANTED**. The Clerk of Court is **DIRECTED** to **REOPEN** case number CV506-99. Plaintiff shall have **30 days** from the date of this Order to perfect proper service on Defendant.

SO ORDERED this 18th day of April, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA